ALLISON L. MACDONALD,

       Plaintiff,

v.

HASBRO MANAGERIAL SERVICES, LLC,
alias, and HASBRO INC., alias,

       Defendants.

C. A. NO. 1:25-CV-96-MSM-LDA

## DEFENDANT HASBRO INC.'S MOTION TO ENFORCE SEVERANCE AGREEMENT

Defendant Hasbro Inc. ("Hasbro" or "Defendant"), by and through undersigned counsel, hereby moves to enforce the terms of the severance agreement (the "Severance Agreement") provided to Plaintiff Allison L. MacDonald ("MacDonald" or "Plaintiff") upon her separation. This Court should order dismissal of this matter because Plaintiff received, at a minimum, $20,181.96[1] conditioned upon acceptance of the Severance Agreement's terms. Accordingly, because Plaintiff has received and refused to return the consideration, this Court should require MacDonald to adhere to the Severance Agreement's terms, which includes a waiver of the claims asserted in this matter.

## I.    INTRODUCTION

Absent acquiescence to the Severance Agreement's terms, Plaintiff is in possession of $20,181.96 to which she is not entitled. Instead of repaying the money, Plaintiff claims Hasbro's request for the funds – money which there is no dispute is improperly in her possession – is retaliation. Regardless of the merits of any such retaliation claim,[2] Plaintiff cannot have it both

---

[1] Hasbro's review of its records indicates that Plaintiff likely received $36,696.15 in severance payments, as illustrated in Section II. Hasbro reserves the right to recover the monies beyond the $20,181.96 should this matter not be dismissed.

[2] Hasbro has objected separately to Plaintiff's Motion to Amend. (*See* Doc. No. 23).

ways – retain the consideration and not adhere to the Severance Agreement's terms. Plaintiff is not permitted to double dip, and thus even if she had a valid claim (she does not) she cannot be permitted to collect a damages award in this matter. Accordingly, this Court should enforce the Severance Agreement and order that the agreement precludes Plaintiff's claims in this matter.

## II.   BACKGROUND FACTS

On October 6, 2022, Hasbro notified Plaintiff she was being laid off as part of a reduction in force. (Doc. No. 1, ¶ 27). At that time, Plaintiff was provided with the Severance Agreement. Affidavit of Mr. Eric B. Mack ("Mack Aff.") ¶ 3, *Ex. A*. The Severance Agreement included the following broadly worded release of claims:

> You hereby fully, forever, irrevocably and unconditionally release, remise and discharge the Company,[3] and any subsidiary or affiliated organization of the Company and/or their current or former officers, directors, stockholders, corporate affiliates, attorneys, agents, plan administrators, fiduciaries, or employees (the "Released Parties") from any and all claims . . . including, but not limited to, all claims arising out of or related to your employment, your separation from employment, or failure to reemploy you[.]

*Id.*, Ex. A, p. 1. More specifically, the Severance Agreement releases all claims under the statutes which Plaintiff asserts her claims: (1) Title VII of the Civil Rights Act of 1964, 42 U.SC. § 2000e, *et seq.*; (2) the Rhode Island Fair Employment Practice Act, R.I. Gen. Laws § 28-5-1, *et seq.*; (3) the Rhode Island Civil Rights Act, R.I. Gen. Laws § 42-112-1, *et seq.*; (4) the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*; and (5) the Rhode Island Family Medical Leave Act, R.I. Gen. Laws § 28-48-1, *et seq.*[4] *Id.*

---

[3] The Severance Agreement includes affiliated organizations. As such, the release includes Defendant "Hasbro Managerial Services, LLC," as well.

[4] Plaintiff has alleged five counts in the Complaint: (1) Count One: violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, (2) Count Two: violation of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1, *et seq.*, (3) Count Three: violation of the Rhode Island Civil Rights Act, R.I. Gen. Laws § 42-112-1, *et seq.*, (4) Count Four: violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, (5) Count Five: violation of the Rhode Island Family and Medical Leave Act, R.I. Gen. Laws § 28-48-1, *et seq.*

Approximately six months after her separation, on February 15, 2023, counsel for Plaintiff left a voicemail for Hasbro's in-house counsel, Ms. Laura Moisin, "informing [her] that Ms. MacDonald had received an overpayment of her severance, and [she] confirmed that this was a payroll glitch." Mack Aff. ¶ 4, *Ex. B*. In response, counsel for Plaintiff attempted to clarify his message and indicated Plaintiff "is not sure there is an overpayment." *Id.* In elaborating on the issue, counsel for Plaintiff wrote the following:

> I reached out because she received various deposits that seem to exceed what she expected. We need paystubs for each deposit for the period of 11/1/22 to the present to determine if there is any overpayment. In addition, if Hasbro believes there is an overpayment, kindly let me know in what amount and for which deposits.

*Id.* Plaintiff's counsel then forwarded the email to the undersigned counsel to keep him abreast of the issue. *Id.*

In discovery, Hasbro produced the paystubs regarding Plaintiff's compensation. Mack Aff. ¶ 5, *Ex. C*. The following appear to be the overpayments Plaintiff received:

| Pay Date | Pay Period | Type of Earnings | Amount |
|---|---|---|---|
| 11-25-2022 | 11-14-2022 to 11-27-2022 | Severance | $5,598.00 |
| 12-09-2022 | 11-28-2022 to 12-11-2022 | Vol. Term. Prg. | $6,219.63 |
| 12-23-2022 | 12-12-2022 to 12-25-2022 | Vol. Term. Prg. | $6,219.63 |
| 01-06-2023 | 12-26-2022 to 01-08-2023 | Vol. Term Prg. | $6,219.63 |
| 01-20-2023 | 01-09-2023 to 01-22-2023 | Vol. Term. Prg. | $6,219.63 |
| 02-03-2023 | 01-23-2023 to 02-05-2023 | Vol. Term Prg. | $6,219.63 |
|  |  | **TOTAL** | $36,696.15 |

*Id.* On January 27, 2026, Hasbro requested that Plaintiff return only $20,181.96, and, if she did not, she accept the Severance Agreement's terms. *Id.* ¶ 6, Ex. D. Despite Plaintiff not being entitled to these monies, to date, she has refused to return it to Hasbro. *Id.*

### III. ARGUMENT

#### A. The Severance Agreement contains the prerequisites for an enforceable settlement.

The Severance Agreement includes (1) a release of all claims against Hasbro, (2) Hasbro paying Plaintiff consideration, and (3) Plaintiff releasing any and all claims against Hasbro. *See* Mack Aff. ¶ 3, Ex. A. While Plaintiff did not execute the Severance Agreement, the First Circuit has repeatedly held that a party's signature is not a prerequisite to have an enforceable settlement agreement. *See, e.g., Commw. Sch., Inc. v. Commw. Acad. Holdings, LLC*, 994 F.3d 77, 86 (1st Cir. 2021) ("oral settlement agreements are enforceable as long as the parties have mutually assented to all of their material terms."); *Roman-Oliveras v. Puerto Rico Elec. Power Auth.*, 797 F.3d 83, 85 n.2 (1st Cir. 2015) (noting "[t]he plaintiffs, however, declined to sign the instrument circulated by the defendants. The District Court nevertheless found this unsigned instrument 'captured the terms and conditions' of the oral agreement."). As discussed below, Plaintiff's failure to tender-back the consideration, in light of Hasbro's request for her to return it, means she has ratified the Severance Agreement.

#### B. By retaining and refusing to "tender-back" the consideration, Plaintiff has "ratified" the Severance Agreement.

Under the ratification doctrine, it is "well settled" that a party who learns of grounds to avoid (or "disaffirm") a "voidable" transaction "must act promptly, '[a]nnounce his purpose and adhere to it.'" *Shappirio v. Goldberg,* 192 U.S. 232, 242 (1904). A prompt election is required because to remain silent, despite knowledge of grounds for disaffirmance, "is wholly inconsistent with an election to undo the transaction and stand upon his right to rescind the contract." *Id.* at 243. If a party wishes to disaffirm, she "must return to the other party what [s]he has received, so as to put him in the same position he was in before," and must do so within a reasonable time. *Gay*

*v. Alter,* 102 U.S. 79, 80 (1880). In sum, a party seeking to avoid a contract must do two things: (1) act quickly to rescind the contract once the circumstances making the agreement voidable are discovered (*e.g.,* misrepresentation, duress, *etc.*); and (2) return the consideration received for the contract. *Doherty v. Bartlett*, 81 F.2d 920, 924 (1st Cir. 1936). *See also Miller v. Kopelman & Paige, P.C.*, No. 06-10381-MLW, 2008 WL 11388634, at *7 (D. Mass. March 31, 2008) ("Returning the payment received is a prerequisite for rescinding a contract."). An otherwise voidable agreement—including a release of employment claims—may become a binding contract by conduct that is inconsistent with an intent to rescind the agreement. *See In re Boston Shipyard Corp.,* 886 F.2d 451, 455 (1st Cir.1989) (acquiescing in a contract after the opportunity to avoid it, or failing to return benefits conferred under a contract, results in ratification of a voidable contract even if the agreement was obtained under duress). Unless the benefits received are tendered back within a reasonable time, "a ratification would be presumed" to have occurred. *Indianapolis Rolling-Mill Co. v. St. Louis, Fort Scott & Witchita R.R.,* 120 U.S. 256, 259 (1887). *See also* 1 Restatement (Second) of Contracts, *supra*, § 7, Cmt. d, e. (tender back reasonable time).

As applied to this case, it is clear that Plaintiff has ratified the Severance Agreement. First, Plaintiff has been in possession of the consideration for more than three years – since November of 2022. *See* Mack Aff. ¶ 5, Ex. C. Six months after reviewing the consideration, in February 2023, Plaintiff recognized this issue, but she still has refused to return the money, despite being requested to do so. *Id.* ¶¶ 4-5, Exs. B & D. She remains in possession of the consideration she received for the release, and it is undisputed that Hasbro would not have paid her those funds "but for" her waiver. "[T]he law is clear that [one] cannot take the benefits of [a] contract and repudiate its burdens." *McLean v. Clapp,* 141 U.S. 429, 432 (1891). It is both unquestioned and unquestionable that Plaintiff is in possession of consideration that is conditioned upon acceptance

of the Settlement Agreement's terms.  Accordingly, Plaintiff's retention of the consideration indicates she agrees to the Severance Agreement's terms.

### C. Rejection of the tender-back rule reduces an employers' incentive to reach out-of-court settlements.

An employer will not provide employees with severance benefits if it remains open to later suit.  To some extent, Hasbro is essentially funding litigation against itself.  It should be obvious that employers will not be willing to pay benefits to an employee if the employee can turn around and use those benefits as a litigation "war chest" to pay attorneys' fees or costs in later court proceedings.  As the court explained in *Kristoferson v. Otis Spunkmeyer, Inc.,* 965 F. Supp. 545 (S.D.N.Y.1997):

> To enable a plaintiff who has already received substantial consideration for a release to keep that consideration while at the same time bringing the very lawsuit the release was intended to obviate is not only unfair on its face but is bound to encourage such doubtful litigation.

*Id.* at 548 (internal citation omitted).  *See also E.E.O.C. v. Waffle House, Inc.,* 534 U.S. 279, 297 (2002) (if, for example, an employee had accepted a monetary settlement, it "goes without saying that the courts can and should preclude double recovery by an individual.").  Absent Plaintiff returning the money she wrongly possesses, this Court should order dismissal of this matter.

## IV. CONCLUSION

For the foregoing reasons, Hasbro requests dismissal of this matter as Plaintiff has received and failed to return the severance benefits.  Alternatively, Hasbro requests that Plaintiff "tender-back" the consideration before proceeding with this matter.

HASBRO MANAGERIAL SERVICES, LLC
and HASBRO INC.,

By its attorneys,

/s/ Eric B. Mack

Dated:  March 27, 2026

Eric B. Mack (#7784)
David R. Fitzpatrick (#10103)
LITTLER MENDELSON, P.C.
One Financial Plaza, Suite 2205
Providence, RI 02903
T: 401.824.2500
F: 401.454.2969
emack@littler.com
dfitzpatrick@littler.com

## <u>CERTIFICATE OF SERVICE</u>

I, Eric B. Mack, hereby certify that a true and accurate copy of the foregoing document was filed and served electronically by operation of the Court's CM/ECF System on the following counsel of record on this <u>27th</u> day of March, 2026:

Jonathan C. Sanders, Esq.
Chloe A. Davis, Esq.
Sinapi Law Associates, Ltd.
2374 Post Road Suite 201
Warwick, RI 02886
Phone: (401) 739-9690
FAX: (401) 739-9490
cad@sinapilaw.com
jcs@sinapilaw.com

/s/ Eric B. Mack

Eric B. Mack